1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDREW S. HODGINS,

11            Plaintiff,                    No. CIV S- 05-0682 MCE GGH P

12       vs.

13   JEANNE S. WOODFORD, Director of
     California Dept. of Corrections, et al.,

14

15            Defendants.                   ORDER
     _____/

16            Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §

17   1983.  Pending before the court is the December 29, 2005 motion to dismiss brought by

18   defendants Burruel, Grannis, Kernan and Woodford, and plaintiff's January 13, 2006 motion for

19   leave to file an amended complaint.

20            The Federal Rules of Civil Procedure provide that a party may amend his or her

21   pleading "once as a matter of course at any time before a responsive pleading is served."  Fed. R.

22   Civ. P. 15(a).  However, once an answer has been filed, a party may amend a pleading only by

23   leave of court or by written consent of the adverse party.

24            Although several defendants have brought a motion to dismiss pursuant to Fed. R.

25   Civ. P. 12(b)(6), defendant Campbell filed an answer on December 29, 2005.  Plaintiff, therefore,

26   may not amend as of right, nor has plaintiff obtained the written consent of defendants.

                                          1

1    In considering plaintiff's request for leave to amend, the court must review the

2    amended complaint.  The court is required to screen complaints brought by prisoners seeking

3    relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

5    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

6    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

7    U.S.C. § 1915A(b)(1),(2).

8    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

10   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14   Cir. 1989); Franklin, 745 F.2d at 1227.

15   A complaint, or portion thereof, should only be dismissed for failure to state a

16   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

17   of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

18   Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

19   Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

20   a complaint under this standard, the court must accept as true the allegations of the complaint in

21   question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

22   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

23   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

24   By his amended complaint, plaintiff seeks to add defendants without setting forth

25   within the amended allegations the specific factual basis for a constitutional deprivation by any

26   defendant.  His amended complaint consists of some 127 pages, wherein plaintiff purports to set

1  forth the legal basis for his claims without adequately stating the factual allegations as to each

2  named defendant.  In addition, plaintiff has attached a large number of exhibits to the amended

3  complaint.  While plaintiff may append exhibits to a complaint (or amended complaint), the

4  allegations on which he seeks to proceed must be set forth within the complaint itself.  Plaintiff's

5  amended complaint does not comply with Fed. R. Civ. P. 8.

6          Fed. R. Civ. P 8 sets forth general rules of pleading in the federal courts.

7  Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests,

8  (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for

9  the relief plaintiff seeks.  All that is required are sufficient allegations to put defendants fairly on

10 notice of the claims against them.  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L.

11 Ed. 2d 80 (1957);  5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed.

12 1990).  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims

13 against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)).  Accord Richmond v.

14 Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and

15 scanty allegations fails to satisfy the notice requirement of  Rule 8.)

16         Plaintiff expends effort in citing case law and pronouncing legal theory in his

17 amended complaint rather than setting forth in specific terms how each named defendant is

18 involved in events or conditions giving rise to a deprivation of plaintiff's constitutional right.

19 See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The lack of adequate factual allegations

20 requires this court to deny plaintiff's request for leave to amend and to strike the amended

21 complaint.

22         This matter proceeds on the original complaint.  Plaintiff, however, will be

23 afforded an extension of time of thirty days to file a response to the pending motion to dismiss

24 his original complaint.

25 \\\\\

26 \\\\\

1        Accordingly, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's January 13, 2006 motion for leave to amend is denied and the

3   amended complaint, filed on January 13, 2006, is stricken;

4        2.  This matter proceeds on the original complaint, filed on April 8, 2005; and

5        3.  Plaintiff must file any opposition to the pending motion to dismiss as to

6   defendants Burruel, Grannis, Kernan and Woodford within thirty days of the filed date of this

7   order; failure to file any opposition will be deemed a waiver of opposition to the dismissal of

8   these defendants.

9   DATED:  4/11/06

                                    /s/ Gregory G. Hollows

10                                  _____
                                    GREGORY G. HOLLOWS
11                                  UNITED STATES MAGISTRATE JUDGE

12
    GGH:009
13  hodg0682.ord

14

15

16

17

18

19

20

21

22

23

24

25

26

4