IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW S. HODGINS,

        Plaintiff,                    No. CIV S-05-0682 MCE GGH P

    vs.

JEANNE S. WOODFORD, et al.,

        Defendants.             ORDER

_____/

*Introduction and Summary*

        Plaintiff has sued Jeanne Woodford, (former) Director of CDCR, Roseanne Campbell, Warden of Mule Creek Prison, Scott Kernan, one time Acting Warden of Mule Creek, A. Burruel, Associate Warden, and N. Grannis, Chief of Inmate Appeals. Defendants move to dismiss on behalf of all defendants save Campbell who has answered.

        For the reasons stated herein, the court orders the complaint dismissed against the moving defendants with leave to amend.

*Procedural Facts and Procedural Resolutions*

        Plaintiff filed his initial complaint on April 8, 2005. After the complaint was finally served, defendant Campbell answered the complaint on December 29, 2005, and the instant motion to dismiss was also filed on that date. Shortly thereafter, plaintiff decided to file

1

an amended complaint, along with a request to file an amended complaint. The court denied his request to amend, and ordered the amended complaint stricken. Plaintiff filed a request to reconsider the striking of his amended complaint (a request which the undersigned believes is before him) which was not acted upon. Plaintiff then filed his "Opposition and Motion for Summary Judgment," on May 5, 2006, in which he nevertheless assumed that he could pick and choose between allegations in the initial and stricken amended complaint.

First, only the initial complaint is at issue here. For the reasons set forth herein, the court denies the request to reconsider as moot. However, the relief afforded in this adjudication permits plaintiff to amend the complaint. The undersigned exercises his discretion *not* to permit plaintiff's opposition to be construed as a summary judgment motion due to the fact that plaintiff bases it, in part, on a stricken pleading, and because it is not properly filed, i.e., there is no separate statement of undisputed facts. For record keeping purposes, that motion for summary judgment is vacated without prejudice.

*Allegations of the Complaint*

Plaintiff, in administrative segregation at the time the complaint was filed, complained of the new CDCR policy (see Cal.Code Regs. § 3190(a)) which prohibits ad seg inmates from receiving religious books, non-religious books, correspondence course materials and periodicals. With the exception of Warden Campbell, no defendant is mentioned by name in the substantive allegations of the complaint. Plaintiff seeks a temporary and permanent repeal of the procedures which keep the above referenced items from being received in Ad Seg, including a repeal of the aforementioned regulation. He also seeks compensatory and punitive damages from all defendants.

\\\\\
\\\\\
\\\\\
\\\\\

*Motion to Dismiss*

Defendants, except Campbell, move to dismiss on the basis that the roles each defendant played in the alleged deprivations of civil rights is unstated.[1] Defendants are correct. Because plaintiff seeks monetary damages, their participation in the deprivations must be spelled out.

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

\\\\\

---

[1] Defendant Woodford, a former director of CDCR, is not mentioned in the notice of motion, but she is in the Points and Authorities.

1         To the extent that plaintiff seeks injunctive relief, just as it is not necessary to
2 allege Monell[2] policy grounds when suing a state or municipal official in his or her official
3 capacity for injunctive relief related to a procedure of a state entity, Chaloux v. Killeen, 886 F.2d
4 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state
5 official when plaintiffs are attacking a state procedure on federal grounds that relates in some
6 way to the job duties of the named defendant.  All that is required is that the complaint name an
7 official who could appropriately respond to a court order on injunctive relief should one ever be
8 issued.  Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D.Mich. 1991); Malik v. Tanner,
9 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988).  ("Furthermore, a claim for injunctive relief, as
10 opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983
11 action."); Fox Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978).
12 See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit
13 to continue against an official's successors despite objection that the successors had not
14 personally engaged in the same practice that had led to the suit.  However, because a suit against
15 an official in his or her official capacity is a suit against the state, policy or procedure of the state
16 must be at issue in a claim for official capacity injunctive relief.  Haber v. Melo, 502 U.S. 21, 25,
17 112 S. Ct. 358, 361-62 (1991).

18         It is not necessary to name multiple defendants in their official capacity.  Plaintiff
19 need only name that official who has some cognizance over the policy at issue and who could
20 effectively issue orders within CDCR if the court were to rule in plaintiff's favor.

21         Moreover, plaintiff should reconsider his attempt to sue defendants simply
22 because they participated in an inmate appeals process.  Defendants sued in their individual
23 capacity must be alleged to have: personally participated in the alleged deprivation of
24 constitutional rights; known of the violations and failed to act to prevent them; or implemented a

---

[2] Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

4

1  policy that repudiates constitutional rights and was the moving force behind the alleged

2  violations.  Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991); Hansen v. Black,

3  885 F.2d 642 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989).  "Although a § 1983

4  claim has been described as 'a species of tort liability,' Imbler v. Pachtman, 424 U.S. 409, 417,

5  96 S. Ct. 984, 988, 47 L.Ed.2d 128, it is perfectly clear that not every injury in which a state

6  official has played some part is actionable under that statute." Martinez v. State of California,

7  444 U.S. 277, 285, 100 S. Ct. 553, 559 (1980).  "Without proximate cause, there is no § 1983

8  liability."  Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996).

> The search, which was performed in accordance with this constitutionally valid strip search policy, was subsequently ratified by the School Board when Mr. Williams filed a grievance. Therefore, Williams' only grasp at evoking municipal liability under § 1983 is to show that this subsequent ratification is sufficient to establish the necessary causation requirements.  Based on the facts, the Board believed Ellington and his colleagues were justified in conducting the search of Williams.  There was no history that the policy had been repeatedly or even sporadically misapplied by school board officials in the past.  Consequently, the School Board cannot be held liable for the ratification of the search in question, because this single, isolated decision can hardly constitute the "moving force" behind the alleged constitutional deprivation.

17  Williams v. Ellington, 936 F.2d 881, 884-885 (9th Cir. 1991).

18         This court is unwilling to adopt a rule that anyone involved in adjudicating

19  grievances after the fact is per se potentially liable under a ratification theory.  However, this is

20  not to say that persons involved in adjudicating administrative disputes, or persons to whom

21  complaints are sometimes made, can never be liable under a ratification theory.  If, for example,

22  a reviewing official's rejections of administrative grievances can be construed as an automatic

23  whitewash, which may have led other prison officials to have no concern of ever being

24  reprimanded, a ratifying official may be liable for having put a defective policy in place.

25         In addition, plaintiffs are informed that the court cannot refer to a prior pleading in

26  order to make plaintiffs' amended complaint complete.  Local Rule 15-220 requires that an

amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. **Plaintiff must reallege his allegations against the answering defendant Campbell.** Depending on the allegations, the court will either order the present answer to stand as a denial and assertion of affirmative defense to the amended complaint, or Campbell will be permitted to replead.

Finally, the court stresses that plaintiff should use judgment in determining who to sue. Inclusion of defendants against whom plaintiff cannot state a cognizable claim will simply waste further time in further motions to dismiss brought by defendants who should not have been sued.

*Conclusion*

1. Defendants' motion to dismiss filed December 29, 2005 is granted with leave to amend.

2. Plaintiff shall file an amended complaint within twenty days of the filed date of this order;

3. Defendants shall respond to the amended complaint within twenty days of the filing date of the amended complaint; if defendant Campbell desires to use her present answer as the answer to the amended complaint, she shall so state.

4. Plaintiff's Motion for Summary Judgment, filed along with his opposition to the motion to dismiss (May 5, 2006) is vacated without prejudice;

\\\\\

\\\\\

\\\\\

1        5. Plaintiff's request for reconsideration (May 5, 2006) regarding the striking of
2  the previous amended complaint is denied as moot.
3  Dated: 8/24/06

4                        /s/ Gregory G. Hollows

5                        GREGORY G. HOLLOWS
                          United States Magistrate Judge

6  GGH:gh
   hodg0682.mtd