1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDREW S. HODGINS,

11              Plaintiff,                    No. CIV S-05-0682 MCE GGH P

12       vs.

13   JEANNE S. WOODFORD, et al.,              ORDER &

14              Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16   Introduction

17              Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §

18   1983.  Pending before the court are: 1) plaintiff's motion to compel discovery, filed on June 19,

19   2006, to which defendants filed opposition on July 3, 2006; plaintiff filed a reply on July 17,

20   2006; and 2) defendants' motion to dismiss, filed on October 2, 2006, to which plaintiff filed an

21   opposition on October 25, 2006.

22   Background

23              By order filed on April 12, 2006, the court found that this case proceeded on the

24   April 8, 2005, original complaint, which defendant Campbell had answered, and directed that the

25   \\\\\

26   \\\\\

1

1   January 13, 2006, amended complaint be stricken as violative of Fed. R. Civ. P. 8.[1]  The non-

2   answering defendants had brought a motion to dismiss, filed on December 29, 2005, and plaintiff

3   was directed to file his opposition to that motion in the April 12, 2006, order.

4          On August 28, 2006, the court granted defendant's December 29, 2005, motion to

5   dismiss, allowing plaintiff leave to amend and directing all but the answering defendant to file a

6   response thereto (defendant Campbell, the answering defendant, was permitted to proceed on her

7   previously filed answer or to replead).   Plaintiff subsequently filed a second amended complaint,

8   on September 18, 2006, to which defendants Burruel, Grannis, Kernan and Woodford, filed the

9   present motion to dismiss, on October 2, 2006.

10         Plaintiff filed a second amended complaint on September 18, 2006, consisting of

11  97 pages, largely consisting of exhibits, which, if anything, is more defective than the original

12  complaint which was dismissed by the August 28, 2006, order.  In that order, the moving

13  defendants were found to be correct in contending that the roles of each of those defendants in

14

15          [1] The court found that plaintiff sought to add defendants in the amended allegations but
    failed to present "the specific factual basis for a constitutional deprivation by any defendant. His
16  amended complaint consists of some 127 pages, wherein plaintiff purports to set forth the legal
    basis for his claims without adequately stating the factual allegations as to each named defendant.
    In addition, plaintiff has attached a large number of exhibits to the amended complaint. While
17  plaintiff may append exhibits to a complaint (or amended complaint), the allegations on which he
    seeks to proceed must be set forth within the complaint itself.  Plaintiff's amended complaint
18  does not comply with Fed. R. Civ. P. 8.

19          Fed. R. Civ. P 8 sets forth general rules of pleading in the federal courts.  Complaints are
    required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and
20  plain statement of the claim showing entitlement to relief; and (3) a demand for the relief
    plaintiff seeks.  All that is required are sufficient allegations to put defendants fairly on notice of
21  the claims against them.  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d
    80 (1957); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).  Rule
22  8 requires "sufficient allegations to put defendants fairly on notice of the claims against them."
    McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)).  Accord Richmond v. Nationwide
23  Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty
    allegations fails to satisfy the notice requirement of  Rule 8.)

24          Plaintiff expends effort in citing case law and pronouncing legal theory in his amended
    complaint rather than setting forth in specific terms how each named defendant is involved in
25  events or conditions giving rise to a deprivation of plaintiff's constitutional right.  See Ellis v.
    Cassidy, 625 F.2d 227 (9th Cir. 1980).  The lack of adequate factual allegations requires this
26  court to deny plaintiff's request for leave to amend and to strike the amended complaint."  Order,
    filed on April 12, 2006, pp. 2-3.

1   allegedly depriving plaintiff of his constitutional rights had not been stated.  See, Order, filed on

2   August 28, 2006, p. 3.  Plaintiff was informed that because he sought monetary damages, the

3   deprivations of which he complains had to be "spelled out," stating, inter alia,

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.
>
> 42 U.S.C. § 1983.  The statute requires that there be an actual
> connection or link between the actions of the defendants and the
> deprivation alleged to have been suffered by plaintiff.  See Monell
> v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v.
> Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the
> deprivation of a constitutional right, within the meaning of  § 1983,
> if he does an affirmative act, participates in another's affirmative
> acts or omits to perform an act which he is legally required to do
> that causes the deprivation of which complaint is made."  Johnson
> v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

13   Id.

14          Plaintiff was also informed that supervisory personnel generally are not liable in a

15   § 1983 action for the conduct of their employees under a respondeat superior theory and that

16   plaintiff must frame allegations setting forth the causal link between a named defendant in a

17   supervisory capacity and a specific alleged constitutional violation; the order cited applicable

18   authority.  Id.  Plaintiff was cautioned that vague and conclusory allegations regarding the

19   involvement of official personnel in civil rights violations were insufficient.  Id.

20          Further, plaintiff was advised that to the extent injunctive relief was being sought,

21   that, inter alia, he need not name multiple defendants in their official capacity but only need

22   "name that official who has some cognizance over the policy at issue and who could effectively

23   issue orders within CDCR if the court were to rule in plaintiff's favor."  Order, filed on August

24   28, 2006, p. 4.

25   \\\\\

26   \\\\\

3

In addition, the undersigned stated:

Moreover, plaintiff should reconsider his attempt to sue defendants simply because they participated in an inmate appeals process. Defendants sued in their individual capacity must be alleged to have: personally participated in the alleged deprivation of constitutional rights; known of the violations and failed to act to prevent them; or implemented a policy that repudiates constitutional rights and was the moving force behind the alleged violations. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989). "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler v. Pachtman, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L.Ed.2d 128, it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." Martinez v. State of California, 444 U.S. 277, 285, 100 S. Ct. 553, 559 (1980). "Without proximate cause, there is no § 1983 liability." Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996).

The search, which was performed in accordance with this constitutionally valid strip search policy, was subsequently ratified by the School Board when Mr. Williams filed a grievance. Therefore, Williams' only grasp at evoking municipal liability under § 1983 is to show that this subsequent ratification is sufficient to establish the necessary causation requirements. Based on the facts, the Board believed Ellington and his colleagues were justified in conducting the search of Williams. There was no history that the policy had been repeatedly or even sporadically misapplied by school board officials in the past. Consequently, the School Board cannot be held liable for the ratification of the search in question, because this single, isolated decision can hardly constitute the "moving force" behind the alleged constitutional deprivation.

Williams v. Ellington, 936 F.2d 881, 884-885 (9th Cir. 1991).

This court is unwilling to adopt a rule that anyone involved in adjudicating grievances after the fact is per se potentially liable under a ratification theory. However, this is not to say that persons involved in adjudicating administrative disputes, or persons to whom complaints are sometimes made, can never be liable under a ratification theory. If, for example, a reviewing official's rejections of administrative grievances can be construed as an automatic whitewash, which may have led other prison officials to have no concern of ever being reprimanded, a ratifying official may be liable for having put a defective policy in place.

Id., at 4-5.

\\\\\

4

1    The court has set forth its prior orders in some detail so as to make clear that

2 plaintiff has been informed with specificity as to how he should proceed in filing a further

3 amended complaint.   Nevertheless, plaintiff has proceeded to file a wholly defective second

4 amended complaint.

5 Motion to Dismiss

6    Defendants move for dismissal on the ground that there are no allegations that 1)

7 defendants Burruel, Campbell,[2] and Woodford engaged in any affirmative act that caused

8 plaintiff constitutional injury; and 2) that there is no § 1983 liability as to defendant Grannis for

9 her participation in the administrative grievance process.

10    *Legal Standard for Motion to Dismiss*

11    A complaint should not be dismissed under Rule 12(b)(6) unless it appears

12 beyond doubt that plaintiff cannot prove any set of facts consistent with his allegations which

13 would entitle him to relief.  NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803

14 (1994); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing Conley

15 v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957),  Cervantes v. City of San Diego, 5 F.3d

16 1273, 1274-75 (9th Cir. 1993).  Dismissal of the complaint, or any claim within it, "can be based

17 on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

18 cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990);

19 see also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

20 \\\\\\

21

22    [2] As to defendant Campbell, the answering defendant, there appears to be some confusion
by defendants.  In the notice portion of their motion, defendants make clear that the motion is
23 made on behalf of defendants Burruel, Grannis, Kernan and Woodford, but include defendant
Campbell as a defendant moving to dismiss on the ground that no affirmative act is alleged as to
24 her participation in a constitutional injury visited upon plaintiff.  The court will assume that the
omission of defendant Kernan was inadvertent and perhaps Campbell was included mistakenly in
25 the place of defendant Kernan.  On the other hand, as to the second amended complaint, it is true
that as to both defendants Kernan and Campbell, plaintiff has failed to set forth adequate
26 allegations.

5

1    In considering a motion to dismiss, the court must accept as true the allegations of

2  the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.

3  Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the

4  motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421,

5  89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869 (1969).  The court will "'presume that general

6  allegations embrace those specific facts that are necessary to support the claim.'"  NOW, 510

7  U.S. at 256; 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S.555, 561, 112 S.

8  Ct. 2130, 2137 (1992).  Moreover, pro se pleadings are held to a less stringent standard than

9  those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).  A

10  motion to dismiss for failure to state a claim should not be granted unless it appears beyond

11  doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to

12  relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing

13  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); see also Palmer v. Roosevelt

14  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

15    The court may consider facts established by exhibits attached to the complaint.

16  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may disregard

17  allegations in the complaint if they are contradicted by facts established by exhibits attached to

18  the complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

19  Furthermore, the court is not required to accept as true allegations that contradict facts which

20  may be judicially noticed.  Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir.

21  1987), cert. denied, 486 U.S. 1040 (1988).  The court need not accept as true conclusory

22  allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining

23  Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031 (1981).  The court

24  need not accept legal conclusions "cast in the form of factual allegations."  Western Mining

25  Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031 (1981).

26  \\\\\

1    A pro se litigant is entitled to notice of the deficiencies in the complaint and an

2    opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

3    Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

4    Discussion

5    Plaintiff appears to believe that his exhibits may substitute for factual allegations

6    in his complaint.  He continues to violate the most fundamental precept of Rule 8 of the Federal

7    Rules of Civil Procedure, that is, he fails wholly to set forth "a short and plain statement of the

8    claim showing entitlement to relief...."  Fed. R. Civ. P. 8(a)(2).  Plaintiff goes to great lengths to

9    describe what constitutional rights he believes have been violated, occasionally naming a

10   defendant or two.  Plaintiff adds two unserved defendants, Mule Creek State Prison Facility-A

11   Captain J. Arceo and Correctional Lieutenant M. Cherry.  Second Amended Complaint (SAC), p.

12   4.  What he fails to do, however, is to allege a factual basis for a colorable claim against any of

13   the defendants within the body of his second amended complaint.  He fails once again altogether

14   to state what it is that each defendant has done that constitutes a deprivation of his constitutional

15   rights.  Instead, plaintiff apparently intends to have the court and the parties sort through his

16   exhibits and put together the factual predicate of his claims.

17   In the "Statement of Claim" portion of the Form Complaint, plaintiff duplicates

18   the claims set forth in the stricken complaint with the addition of one sentence wherein he names

19   the two new defendants, but again in allegations lacking adequate specificity.  Nonetheless, this

20   portion of the SAC is arguably the most explicit plaintiff sets out:

21       The conduct complained of in this case was improper and illegal
         and was committed by named defendants acting and under color of
22       state law.  Their conduct deprived plaintiff of rights, privileges, or
         immunities, secured by the 1st, 5th, 8th, & 14th USCA's, and the
23       laws of the U.S. and Calif., as stated in detail in the "cause of
         action" section of this complaint.  Named defendants acted in a
24       conspiracy to violate his USCA rights and retaliated against him
         for exercising his right to file prison grievances and for trying to
25       practice his religious beliefs.  Specifically, named defendants
         denied plaintiff's receipt of religious books, items, correspondence
26       courses, etc.  Further, named defendants denied plaintiff receipt of

7

1                     legal materials, periodicals, newspapers, magazine, paperback

                    books sent from publisher or bookstore, & other information.  The

2                     above effectively places a substantial burden on plaintiff, &

                    eliminates all sensory and environmental stimuli.  **It began with**

3                     **named defendants Cherry and Arceo whom [sic] failed to**

                    **follow the law and the other named defendants above**

4                     **subsequently condoned it and failed to remedy the wrongs.**

5 SAC, p. 4.

6            The line typed in bold herein is the only portion of text in the "statement of claim"

7 portion of the Form Complaint in the second amended complaint that differs from the defective

8 proposed first amended complaint, previously stricken.  <u>See,</u> footnote 1.  The promise that

9 specific allegations against the defendants will be set forth in the "cause of action" portion is not

10 kept.  Rather, plaintiff, within the second amended complaint, almost entirely duplicates the

11 stricken allegations of the first amended complaint, holding forth unhelpfully on the state of the

12 law as to retaliation, conspiracy, cruel and unusual punishment, intentional infliction of

13 emotional distress, etc., on page after page, without ever providing adequate allegations,

14 including specific dates and particular conduct engaged in by a specific defendant, that resulted

15 in a deprivation of plaintiff's constitutional rights.

16            Plaintiff has been cautioned and advised at least twice by this court as to how his

17 claims were deficiently set forth and how to properly frame his allegations.  The court finds that

18 defendants' motion to dismiss as to defendants Burruel, Grannis, Kernan and Woodford should

19 be granted and will recommend their dismissal without further leave to amend.  "A pro se litigant

20 must be given leave to amend his or her complaint unless it is 'absolutely clear that the

21 deficiencies of the complaint could not be cured by amendment.'" <u>Karim-Panahi v. Los Angeles</u>

22 <u>Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988), quoting <u>Noll [v. Carlson]</u>, 809 F.2d 1446, 1448

23 (in turn, quoting <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir.1980) (per

24 curiam)); accord <u>Eldridge v. Block</u>, 832 F.2d 1132, 1135-36 (9th Cir.1987).

25            Liberality in granting a plaintiff leave to amend "is subject to the qualification that

26 the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not

1  futile." <u>Thornton v. McClatchy Newspapers, Inc.</u>, 261 F.3d 789, 799 (9th Cir. 2001), quoting

2  <u>Bowles v. Reade</u>, 198 F.3d 752, 757 (9th Cir.1999).  <u>Thornton v. McClatchy Newspapers, Inc.</u>,

3  261 F.3d 789, 799 (9th Cir. 2001), quoting <u>Bowles v. Reade</u>, 198 F.3d 752, 757 (9th Cir. 1999)

4  (Liberality in granting a plaintiff leave to amend "is subject to the qualification that the

5  amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not

6  futile.")

7          "Under Ninth Circuit case law, district courts are only required to grant leave to

8  amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a

9  complaint lacks merit entirely." <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000).  <u>See</u> <u>also</u>,

10  <u>Smith v. Pacific Properties and Development Corp.</u>, 358 F.3d 1097, 1106 (9th Cir. 2004), citing

11  <u>Doe v. United States</u>, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to

12  amend even if no request to amend the pleading was made, unless it determines that the pleading

13  could not be cured by the allegation of other facts.").

14          The court has liberally permitted plaintiff two opportunities to amend his

15  allegations with appropriate instructions which plaintiff simply appears unable to follow.

16  Because defendant Campbell has answered the original complaint, and although it was

17  previously dismissed, this court now vacates its prior August 28, 2006, order, only to the extent

18  that the original complaint was dismissed.  This action now proceeds only as to the original

19  complaint and only as to defendant Campbell.

20  <u>Motion to Compel</u>

21          The court now construes plaintiff's motion to compel further production as

22  directed only to defendant Campbell, the only defendant remaining in this action.  With respect

23  to the operative allegations, plaintiff states that he was in administrative segregation at the time

24  of filing his original complaint.  Plaintiff complains of the new CDCR policy (<u>see</u> Cal.Code

25  Regs. § 3190(a)) which prohibits Ad Seg inmates from receiving religious books, non-religious

26  books, correspondence course materials and periodicals.  Only defendant Warden Campbell is

1 named in the substantive allegations of the complaint.  Plaintiff seeks a temporary and permanent

2 repeal of the procedures which keep the above referenced items from being received in Ad Seg,

3 including a repeal of the aforementioned regulation.  He also seeks compensatory and punitive

4 damages.  See, Complaint, filed on April 8, 2005.

5    The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad.  Discovery may be

6 obtained as to any unprivileged matter "relevant to the claim or defense of any party...."  Id.

7 Discovery may be sought of relevant information not admissible at trial "if the discovery appears

8 reasonably calculated to lead to the discovery of admissible evidence."  Id.  The court, however,

9 may limit discovery if it "....is unreasonably cumulative or duplicative," or can be obtained from

10 another source "that is more convenient, less burdensome, or less expensive"; or if the party who

11 seeks discovery "has had ample opportunity by discovery ...to obtain the information sought"; or

12 if the proposed discovery is overly burdensome.  Fed. R. Civ. P. 26(b)(2)(i)(ii) and (iii).

13    Plaintiff contends in his motion to compel production of documents that, as to

14 requests nos. 5, 9, 19, 20, 21, 23, 24 & 25, from among those he has propounded upon defendant,

15 defendant has failed to provide acceptable responses.  Motion, p. 1.

16   REQUEST NO. 5: "Any and all books, papers, documents,
photographs, receipts, physical items, or other tangible objects,*
17 which defendants hold as possible evidence, which defendants
intend to use in trial in this case, together with the property records
18 of such items, where applicable, as well as requests for any and all
reports of any criminalistic and/or other scientific examination of
19 such evidence where applicable, to include those obtained from, or
which belong to plaintiff.  "American Bar Association Project on
20 Standards for Criminal Justice," standards relating to discovery
procedure before trial, prosecutor's obligations, approved draft,
21 hereinafter cited as "ABA Standards," sec. 2.1(a)(v)(1); Walker v.
Superior Court, 155 C.A.2d 134; Ballard v. Superior Court, 64
22 Cal.2d 159;" [sic].

23   RESPONSE TO REQUEST NO. 5: Defendant objects to this
request on the grounds that it is compound and over broad, and it is
24 not a proper request for production of documents. Defendant
further objects based on the grounds that the request potentially
25 seeks documents protected by the attorney-client privilege and
work-product doctrine.

26

1   In opposition, defendant argues that the request does not seek a readily

2   identifiable document; that the request is made at an early stage and that it is not yet known

3   which documents or items will be used at trial.  Opposition (Opp.), p. 3.  Further, defendant

4   points out that if and when such documents become identifiable, they will be listed in

5   defendant's pretrial statement.  Id., at pp. 3-4.

6   The court notes that plaintiff's citation to state court criminal cases is wholly

7   inapposite in the context of his dispute regarding a federal civil rights action.  Further, the

8   undersigned finds the request to be overbroad to the point of unintelligibility and will deny the

9   motion as to this request.

10   REQUEST NO. 9: "Any and all written, typewritten, and/or
    computer-generated statements made by any and all witnesses,
11   informants, so-called informants, or other persons pertaining to the
    misconduct/civil rights violations charged against defendants,
12   whether or not they will testify. Tupper v. Superior Court, 51
    C.2d 263; People v. Riser, 47 C.2d 566; People v. Ruthford, 14
13   C.3d 399;"

14   RESPONSE TO REQUEST NO. 9: Defendant objects to this
    request on the ground that it is vague, ambiguous, compound, not
15   reasonably calculated to lead to the discovery of admissible
    evidence, and information regarding personnel records of
16   correctional staff is confidential pursuant to Title 15, California
    Code of Regulations, Section 3321.

17

18   Defendant contends that the information plaintiff is seeking regarding personnel

19   records for correctional staff, in this case only defendant Campbell, is confidential pursuant to

20   Cal. Code  Regs. tit.xv, § 3321, and that the request is vague and fails to identify any specific act

21   of alleged wrongdoing by defendant Campbell for which plaintiff seeks discovery.  Opp., p. 4.

22   The court continues to be at a loss to discern the applicability of the state court

23   criminal cases plaintiff cites within his request.  As the undersigned has noted, this case proceeds

24   only as to plaintiff's allegations regarding a prison regulation prohibiting Ad Seg inmates from

25   receiving religious books, non-religious books, correspondence course materials and periodicals.

26   Thus, the issue before this court is whether the regulation impermissibly infringes upon a federal

11

1  constitutional right of plaintiff's.  The court finds that plaintiff's request concerning any

2  misconduct or civil rights violations alleged against defendant Campbell is not "reasonably

3  calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The

4  motion will be denied as to this request.

5          REQUEST NO. 19: "Results of any and all chemical blood tests
           regarding defendants' blood, by CDCR, or law enforcement.
6          People v. Lowe [,] 285 App.Div.207, 136 NYS.2d 454; Pinana v.
           State, 76 Nev.274, 352 P.2d 824; People v. Smith, 70 C.A.3d 306,
7          138 Cal.Rptr.783;"

8          RESPONSE TO REQUEST NO. 19: Defendant objects to this
           request on the grounds that it is vague, not reasonably calculated to
9          lead to the discovery of admissible evidence, and not a proper
           request for production of documents.
10

11         This document production inquiry is so wildly off the mark that the court

12  summarily denies the motion as to this request.

13
           REQUEST NO. 20: Any and all handwriting exemplars, if any,
14         that have been provided to CDC or the court by defendants, to
           include any expert examination, and/or reports of same. Corn v.
15         State Bar, 68 C.2d 461, 67 Cal.Rptr.401;

16         RESPONSE TO REQUEST NO. 20:
           Defendant objects to this request on the grounds that it is vague
17         and not reasonably calculated to lead to the discovery of admissible
           evidence.
18

19         As defendant argues in opposition, neither handwriting nor the identification of

20  anyone who may have authored any particular document is at issue in this case involving whether

21  or not plaintiff's civil rights were violated by defendant Campbell's not allowing him to receive

22  packages in the mail.  Opp., p. 5.  This request, therefore, simply is not reasonably

23  calculated to lead to the discovery of admissible evidence.  The motion as to this request will be

24  denied.

25         REQUEST NO. 21: Any and all records of any and all defendants
           and/or their witnesses, who are, and/or ever have been, narcotic
26         addicts, alcoholics, drug addicts, etc., and/or any defendants and/or

1    defense witnesses possibly having, or every [sic] having had,
     distorted vision, memory, perception, and/or hallucinations, which
2    also may affect or cause a reason(s) that such witnesses may be
     testifying for the defense. United States v. Kinnard, 465 F.2d 566,
3    fn.38, at page 574;

4    RESPONSE TO REQUEST NO. 21: Defendant objects to this
     request on the grounds that it is vague, infringes on third party
5    privacy rights, and is not reasonably calculated to lead to the
     discovery of admissible evidence.

6

7         Defendant Campbell argues that any information sought pertaining to this request

8    has no bearing on the veracity of any potential witness.  Opp., p. 6.  The undersigned observes

9    that in this request plaintiff has at least cited to a federal case; however, the government's

10   employment of drug-addicted informants, addressed in the cited case Kinnard, with regard to the

11   criminal convictions of two appellants is wholly irrelevant to the issues implicated by the instant

12   civil rights action.  The motion as to this completely inapposite and vague request will be denied.

13   REQUEST NO. 23: List of all CDC inmates with CDC numbers
     and current location, that were housed in C-12 AD-SEG, from
14   9-19-04 through 9-1-05;

15   RESPONSE TO REQUEST NO. 23: Defendant objects to this
     request on the grounds that it is compound, overly broad as to the
16   time frame, not relevant to this lawsuit, not reasonably calculated
     to lead to the discovery of admissible evidence, and information
17   contained in the case records of inmates may not be accessed by
     other inmates or parolees pursuant to Title 15, California Code of
18   Regulations, Section 3370.

19        Defendant contends that responding to this request would involve "the impossible

20   task of tracking down every inmate housed in a particular cell of the prison throughout an entire

21   year."  Opp., p. 6.  It is not clear to the court whether C-12 Ad Seg is a "particular cell," or a unit

22   or section involving a number of cells.  If the request involved a particular cell, it would not

23   appear to be unduly burdensome to provide the name of such an individual (although probably

24   more appropriately in the context of an interrogatory response) as the prison surely keeps a

25   record of inmates who are retained in Ad Seg, particularly for such an extended period.

26   However, plaintiff does not make any showing as to how such information could reasonably lead

1  to the discovery of admissible evidence.  The names of other inmates does not address the

2  constitutionality of any policy concerning receipt of packages or publications in Ad Seg.

3  Plaintiff has not alleged, for example, that some Ad Seg inmates were allowed access to

4  publications by defendant Campbell while others were not.  The motion as to this request will be

5  denied.

6        REQUEST NO. 24: Plaintiff hereby provided notice to defendants
and this honorable court, that he desires to present a meaningful

7  case against defendants in support of the civil rights complaint, and
would appreciated [sic] defendants' early and timely attention to,

8  and response to, this request, and all motions, so that plaintiff does
not need to report to the court regarding his inability to obtain

9  defendants' cooperation. Theodore v. Superior Court [,]8 C.3d 77,
104 Cal.Rptr 226, Saulter v. Municipal Court, 75 C.A.3d 231, 142

10  Cal.Rptr. 226;

11  RESPONSE TO REQUEST NO. 24: Defendants object to this
request on the ground that it is not a request for production of

12  documents.

13        As defendant observes, this is not a request for any readily identifiable

14  document.  Opp., p. 7.  The motion as to this request will be denied.

15  REQUEST NO. 25: "Plaintiff notifies defendants that this order/"
["]Request for the Production of Documents" and "Things", is

16  continuing, and binds "the defendants and all parties named, or to
be named in this case, their deputies, employees and agents" to

17  inform plaintiff forthwith of any information covered or relevant to
this order/request, which comes to the attention of defendants,

18  and/or their agents, officers, investigators, deputies, and all parties
named, or to be named in this case, after the subject discovery

19  compliance.  Based on the case law cited, plaintiff requests leave to
present additional evidentiary and/or discovery/disclosure motions,

20  based on the future necessity when the responses to this motion are
received by plaintiff and considered/processed. Hill v. Superior

21  Court [,]10 C.3d 812, 821; In Re Ferguson, 5 C.3d 525; Brady v.
Maryland, 373 U.S. 87; A.B.A.Standards, Section 4.2."

22

23  RESPONSE TO REQUEST NO. 25:  Defendants object to this
request on the ground that it is not a proper request for production

24  of documents.

25        Defendant is correct in that this cannot be construed as a request for production of

26  readily identifiable documents.  Opp., p. 8.  On that basis, the motion as to this request must be

1   denied.

2          Accordingly, IT IS ORDERED that:

3          1.  The August 28, 2006, order be vacated only to the extent that the original

4   complaint was dismissed and this matter now proceeds only as to the answering defendant

5   Campbell and only as to the original complaint, filed on April 8, 2005;

6          2.  Plaintiff's motion to compel discovery, filed on June 19, 2006, is denied.

7          IT IS HEREBY RECOMMENDED that defendants' October 2, 2006, motion to

8   dismiss the second amended complaint be granted, and that defendants Burruel, Grannis, Kernan

9   and Woodford, as well as unserved defendants Arceo and Cherry, be dismissed with prejudice

10  from this action.

11         These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

13  days after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties.  Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

16  shall be served and filed within ten days after service of the objections.  The parties are advised

17  that failure to file objections within the specified time may waive the right to appeal the District

18  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19  DATED: 3/21/07

                                    /s/ Gregory G. Hollows
20
                                    _____
21                                  GREGORY G. HOLLOWS
                                    UNITED STATES MAGISTRATE JUDGE
22  GGH:009
    hodg0682.mtd2
23

24

25

26

                                        15